UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEQUIP IMPORTAÇÃO E EXPORTAÇÃO DE MÁQUINAS E EQUIPAMENTOS LIMITADA** | **CIVIL ACTION**<br><br>**SUIT NO.: 6:13-cv-00369** |
| *Plaintiff* | **JUDGE REBECCA F. DOHERTY** |
| **VERSUS** | **MAGISTRATE JUDGE PATRICK J. HANNA** |
| **DRILLERS MUD SYSTEMS, L.L.C.** | |
| *Defendant* | |

_____

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY**

    Plaintiff, Lequip Importação e Exportação de Máquinas e Equipamentos Limitada ("Lequip"), has filed a motion to compel complete responses to the interrogatories and requests for production of documents contained in its July 2, 2013, written discovery to defendant Drillers Mud Systems, L.L.C. ("Drillers Mud"), as well as responses to the interrogatories and requests for production of documents contained in Lequip's second set of written discovery requests to Drillers Mud, served on December 10, 2013.

**SUMMARY OF ARGUMENT**

    Simply stated, Drillers Mud has failed to provide any response, whatsoever, to a number of Lequip's discovery requests, in spite of its promises to respond. Additionally, when it has responded, Drillers Mud has failed to provide adequate information in its responses to a number of Lequip's discovery requests. Accordingly, this Court should compel Drillers Mud to

{B0920663.1}

immediately supply adequate responses to all of Lequip's properly submitted discovery requests in accordance with its discovery obligations.

## FACTUAL AND PROCEDURAL BACKGROUND

Lequip filed suit against Drillers Mud on February 20, 2013 for, *inter alia*, breach of contract, misappropriation of Lequip's property, and conversion of certain equipment associated with oil production.[1] Specifically, Lequip commissioned Drillers Mud to construct a mud pump and blow out preventer. Lequip paid approximately $509,000.00 to Drillers Mud. Drillers Mud ordered and paid in full for about $329,000 worth of equipment and allegedly made deposits with several other vendors.

Lequip subsequently informed Drillers Mud that it wanted to cancel the contracts, and (while disputed by Drillers Mud) correspondence between the parties show that Drillers Mud consented to the cancellation of the contracts and recognized that Lequip was the owner of the $329,000 worth of equipment. Drillers Mud attempted to help Lequip sell some of the Equipment to a third party, and Drillers Mud also made arrangements with Lequip's agents to allow Lequip to pick up the equipment, even going so far as to offer a forklift to Lequip. Despite this, Drillers Mud later changed its mind, refused to let Lequip pick up the equipment, sold two engines (originally valued at $125,000 each) that Lequip had purchased, and allegedly lost the remaining items. Further, Drillers Mud has not paid a dime back to Lequip.

On July 2, 2013, Lequip propounded to Drillers Mud its first set of written discovery requests, to which Drillers Mud responded inadequately and/or incompletely on or about August 22, 2013. Also, on December 10, 2013, Lequip served a second set of written interrogatories and

---

[1] *See* Rec. Doc. No. 1 (Complaint).

{B0920663.1}

2

requests for production on Drillers Mud, to which Drillers Mud has failed to respond in any capacity.

Counsel for Lequip has conferred and corresponded with counsel for Drillers Mud several times regarding these discovery issues in an attempt to resolve this dispute and avoid this motion, all to no avail. Namely:

- After numerous conversations in person and over the telephone regarding the outstanding discovery, on December 23, 2013, counsel for Lequip sent counsel for Drillers Mud a letter specifically outlining the discovery issues described within this motion to compel.[2]

- On December 30, 2013, counsel for Lequip contacted Drillers Mud's counsel via email to inquire about the discovery issues outlined in the aforementioned letter.

- Thereafter, on Friday, January 3, 2014, Drillers Mud's counsel responded that he would meet with a Drillers Mud representative the following day and agreed that Drillers Mud would supplement the discovery responses, presumably before the Rule 30(b)(6) deposition of Drillers Mud on Monday, January 6 and the discovery cutoff of Tuesday, January 7.

- At the Rule 30(b)(6) deposition, Drillers Mud failed to produce any documents or supplement the discovery. At the deposition, the parties agreed that Drillers Mud would provide responses by the following Monday, January 13, 2014, and Lequip confirmed this agreement in an email.

---

[2] *See* Exhibit 1, Letter from Lequip Counsel to Drillers Mud Counsel, dated December 23, 2013

- On January 13, 2014, Lequip's counsel emailed Drillers Mud's counsel to inquire about the status of the discovery. However, the agreed upon deadline passed without any response from Drillers Mud.

- On January 15, 2014, Lequip's counsel attempted to set up another conference to discuss these issues.

- On January 20, Drillers Mud's attorney sent an email stating that his client has yet to provide the information requested.

Thus, the discovery issues described herein remain outstanding, and, despite Lequip's best efforts, it was forced to file this motion.

## LAW AND ARGUMENT

Fed. R. Civ. Pro. 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

**1.** *First Set of Discovery Requests*

Here, Drillers Mud has failed to respond adequately to a number of interrogatories and requests for production contained in Lequip's first set of discovery requests, propounded on July 2, 2013.[3]

First Interrogatory No. 3 requests information concerning the whereabouts of the equipment at issue, including its status, current location, in whose care it remains, whether and how it is being stored, its condition, and who has physical access to it. Likewise, First Interrogatory No. 8 requests information concerning the chain of custody of the equipment.

---

[3] *See* Exhibit 2, Lequip's First Set of Interrogatories and Requests for Production of Documents.

Drillers Mud's response to these interrogatories is that the current whereabouts of and chain of custody relating to the equipment are unknown, save for the assertion that a number of unspecified items were apparently sold as scrap.[4] This response is wholly insufficient, particularly because Drillers Mud has affirmatively acknowledged the existence of the equipment at issue as well as Drillers Mud's former and/or continuing possession and alleged ownership of said equipment.[5] Furthermore, Drillers Mud has claimed that "the equipment is the only security that it has for investments made in furtherance of the contract."[6] Thus, because of Drillers Mud's familiarity with the equipment and its importance within this dispute, Drillers Mud indisputably can and should provide information concerning the equipment's whereabouts.

Correspondingly, Drillers Mud's response to First Interrogatory No. 9 is insufficient for similar reasons. Lequip's First Interrogatory No. 9 requests the identification of any transactions involving the subject equipment between Drillers Mud and any person other than Lequip. However, Drillers Mud claims to be unable to respond to this request for lack of knowledge.[7] For the same reasons discussed *supra*, Drillers Mud can and should examine its business records or any other potentially responsive information source in order to provide a sufficient response. Moreover, Drillers Mud should be compelled to obtain any relevant information from Wiley Brice; while he is no longer an employee of Drillers Mud, he remains an owner and should thus be bound to provide information in response to these discovery requests.

---

[4] *See* Exhibit 3, Drillers Mud's Responses to Lequip's First Set of Interrogatories and Requests for Production of Documents.

[5] *See* Rec. Doc. No. 4 (Answer and Counterclaim), ¶¶ 17 and 26 of Drillers Mud's Answer; ¶¶ 12 and 13 of Drillers Mud's Counterclaim.

[6] *See id.*, ¶ 24 of Drillers Mud's Answer.

[7] *See* Exhibit 3, Drillers Mud's Responses to Lequip's First Set of Interrogatories and Requests for Production of Documents.

Additionally, Drillers Mud has failed to respond adequately to First Interrogatory No. 10, which requests the grounds for and details relating to Drillers Mud's damage calculations. Drillers Mud has only partially responded to this request, providing only vague, conclusory responses, completely devoid of any specific explanation of the calculation of the figures alleged. Notably, Drillers Mud references "other projects lost" in its response to First Interrogatory No. 10, as well as the loss of a contract with "RJS Utility Construction, Inc.," but it fails to provide any evidence or details relating to any such project or contract.[8]

Finally, First Request for Production Nos. 3 and 9 through 18 have not been answered at all, and Lequip requests that this Court enforce Drillers Mud's discovery obligations, compelling it to respond adequately to Lequip's first set of discovery requests.

### 2. *Second Set of Discovery Requests*

Drillers Mud has offered no response, whatsoever, to Lequip's second set of discovery requests, propounded December 10, 2013.[9] Each of these requests relates to the calculation of and evidencing supporting Drillers Mud's alleged damages. Accordingly, this Court should also compel Drillers Mud to respond adequately to these requests in accordance with its discovery obligations.

### 3. *Good Cause for Extending the Discovery Deadline*

Lequip acknowledges that it filed its motion to compel after the Court's discovery deadline.[10] The Court has wide discretion, however, to amend the existing scheduling order upon

---

[8] *See id.*

[9] *See* Exhibit 4, Lequip's Second Set of Interrogatories and Requests for Production of Documents.

[10] Rec. Doc. No. 6 (Scheduling Order: January 7, 2014 discovery deadline for filing motions to compel).

a showing of "good cause."[11] In determining "good cause" for modifying a scheduling order, the Court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice.[12] Here, good cause exists for the Court to permit Lequip to file the instant motion to compel for a number of reasons.

First, Lequip has a good explanation for this motion. As detailed above, Lequip propounded its first and second sets of written discovery well before the Court's Phase I discovery deadline. Upon receiving Drillers Mud's responses to the first set of discovery requests and prior to sending the second set of discovery requests, counsel for Lequip conferred and formally corresponded several times with counsel for Drillers Mud regarding the need to resolve outstanding discovery issues (again, before the Phase I discovery cutoff). Counsel for Drillers Mud later agreed on two occasions before the Phase I discovery deadline to remedy the issues regarding the inadequate responses and to respond to unanswered requests. In reliance on Drillers Mud's representations that it would respond to Lequip's requests, Lequip refrained from filing a motion to compel, yet Drillers Mud failed to provide adequate and/or complete discovery responses. In short, Lequip only filed this motion untimely because it was attempting to resolve the issue amicably and because it trusted Drillers Mud to honor its agreement to answer the discovery.

Second, the discovery Lequip seeks is central to this case. Knowing Drillers Mud's damage calculation is critically important to Lequip's defenses, and the unanswered or poorly

---

[11] *See Bettes v. Stonewall Insurance Company*, 480 F.2d 92 (5th Cir. 1973) (Court has wide discretion to modify scheduling order); *See also* Rule 16 (b), relative to "good cause."

[12] *Nunez v. United States Postal Serv.*, 298 F. App'x 316, 319 (5th Cir. 2008).

answered discovery responses go directly to this issue. Lequip will be unfairly prejudiced if Drillers Mud is not compelled to produce this easily obtainable information.

Third, Drillers Mud will not be prejudiced by this motion, and a continuance is easily available. All of the material should be available to Drillers Mud, and they have known for some time that they need to produce it. Moreover, there is ample time to respond to this discovery without interfering with any other pretrial deadlines. The pretrial conference is over 200 days away. Discovery is not yet complete because Phase II discovery is ongoing until May 12, 2014, and neither party intends to employ an expert. Thus, there will be no delay caused by this motion.

In sum, good cause exists for allowing this Motion to Compel. Accordingly, the Court should grant same.

### 4. *Attorneys' Fees*

Federal Rule of Civil Procedure 37 authorizes the Court to award reasonable expenses, including attorneys' fees, in connection with a motion to compel. Here, reasonable attorneys' fees are appropriate for a number of reasons:

- Lequip has made multiple attempts to resolve the issues related to this motion, in good faith, to no avail.

- Drillers Mud's discovery responses, or lack thereof, present a pattern of attempting to avoid complying with its discovery obligations.

- Drillers Mud has either completely failed to respond to the discovery at issue, or its responses to the requests at issue include almost no substantive information.

## CONCLUSION

For the reasons explained above, Lequip requests that the Court grant its motion and enter an order that:

(a) Compels Drillers Mud to respond adequately to the first and second sets of written discovery requests described in this motion to compel; and

(b) Awards Lequip its expenses and reasonable attorneys' fees incurred in connection with this motion.

> Respectfully submitted,
>
>   /s/ David P. Borghardt
> **James C. Percy (Bar No. 10413)**
> **David P. Borghardt (Bar No. 32351)**
> **Michael R. Rhea (Bar No. 34722)**
> **Jones Walker LLP**
> Fifth Floor, Four United Plaza
> 8555 United Plaza Boulevard
> Baton Rouge, LA 70809-7000
> Telephone: (225) 248-2082
> Facsimile: (225) 248-3082
> Email: jpercy@joneswalker.com
> Email: dborghardt@joneswalker.com
> Email: mrhea@joneswalker.com
>
> *Counsel for Lequip Importação e Exportação de Máquinas e Equipamentos Limitada*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of January, 2014, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel for Defendant to the extent they are registered with the Court's CM/ECF system.

>   /s/ David P. Borghardt