RECEIVED
IN LAFAYETTE, LA.
JUL 3 1 2014
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LEQUIP IMPORTAÇAO E EXPORTAÇAO DE MAQUINAS E EQUIPAMENTOS LIMITADA | CIVIL ACTION NO. 13-0369 |
| VERSUS | JUDGE DOHERTY |
| DRILLERS MUD SYSTEMS, LLC | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 30] filed by plaintiff Lequip Importaçao e Exportaçao de Maquinas e Equipamentos Limitada ("Lequip") on May 20, 2014. Opposition to the instant motion was due on June 10, 2014. Drillers Mud initially did not oppose the motion for summary judgment. On July 18, 2014 – approximately *sixty days* after the motion was filed – Drillers Mud filed a Motion for Leave to File an Out of Time Opposition Brief [Doc. 33], which plaintiff initially opposed [Doc. 35]. Plaintiff has since indicated it wishes to withdraw its opposition to Drillers Muds' motion to file an out of time opposition brief. Consequently, the instant motion for summary judgment is deemed opposed. However, on July 28, 2014, Lequip filed a "Motion for Leave to File a Reply Memorandum" [Doc. 37], which is hereby DENIED AS MOOT.

For the following reasons, the instant motion is DENIED.

This case apparently arises out of an alleged breach of contract between Lequip and Drillers Mud, whereby Drillers Mud was to sell to and assemble for Lequip a mud pump and blowout preventer. Under the "agreement" between the parties – which agreement is not identified in the motion – Lequip allegedly paid $509,000.00 to Drillers Mud, and in return, Drillers Mud was to

purchase for Lequip approximately $329,850.00 worth of equipment. According to the motion, the parties "mutually agreed" to cancel the deal, and Drillers Mud consented to Lequip's taking possession of the equipment. However, Lequip alleges Drillers Mud subsequently refused to hand over the equipment to Lequip and has failed to pay back Lequip for its expenditures. Lequip alleges it has paid Drillers Mud $509,000.00, for which it has received nothing in return.

Drillers Mud has filed an opposition brief to the motion for summary judgment, which no doubt disputes many of the foregoing allegations of fact, however, consideration of that opposition brief by this Court is not necessary because the motion, on its face, is legally insufficient to establish summary judgment in favor of the movant for the following reasons. First, even if the Court were to assume an agreement initially existed between the parties – as the undisputed facts of the parties suggest – the movant has not identified what type of "contract" existed between the parties in the first instance, as Louisiana law – being a codal state – requires. Second, the parties do not seem to agree that this first "contract" was canceled as movant suggests (thereby creating a question of fact as to the validity of that "contract"). Nonetheless, even if this Court were to assume the first "contract" was "canceled," and a second "contract" actually took its place, movant has not identified what type of "contract" the "first contract" was, and if there was a "second contract," what type of "contract" the "second contract" was.[1] Furthermore, if Lequip is arguing a sale rather than a contract – which is suggested from the motion itself – Lequip has not argued the applicable statutory or jurisprudential basis for a claim of sale under Louisiana law. The same is true if, in fact and as the

---

[1] While Lequip argues the relevance of several emails between the parties, and while the parties agree the instant motion keys to these emails, given that the <u>contract</u> between the parties has not been identified, the relevance of the emails in question is not known to the Court. If, indeed, a contract exists between the parties, extraneous emails between the parties will have no bearing on this Court's interpretation of that <u>contract</u>. Until the terms of the <u>contract</u> are known to the Court, and the parties have identified what law governs that <u>contract</u>, the Court can make no findings with respect to the issue presented.

factual recitation might suggest, Lequip is arguing a claim of detrimental reliance. All that Lequip has argued in its motion is that a "contract" has been breached (or a "sale" has not been honored – it is difficult to determine which), however, no specific "contract" – whether written or oral – has been identified.[2] For this reason, the movant has not identified the appropriate body of law that governs the question before the Court, and the Court cannot determine whether Lequip is entitled to the relief requested.

Considering the foregoing, IT IS ORDERED that the Motion for Summary Judgment [Doc. 30] filed by plaintiff Lequip is DENIED for failure of Lequip to carry its burden to show it is entitled to the relief requested.

IT IS FURTHER ORDERED that the trial of this matter, currently scheduled on September 8, 2014, is UPSET, it being clear the matter is not in a proper posture for trial, as the instant motion – which has not been fully and completely briefed at this late stage – makes clear.

IT IS FURTHER ORDERED that, within ten (10) days of the date of this Ruling, Lequip shall provide to this Court (by filing a copy into the record) a copy of the documentation that Lequip argues constitutes the applicable written contract – if, indeed, a written contract is alleged. If no written contract is alleged, Lequip is to provide whatever evidence it has to show that it meets the requirements of an oral contract under Louisiana law and the factual basis of that argument. If some other legal basis for Lequip's claim is alleged, *i.e.*, sale or detrimental reliance, in two pages or less, Lequip shall identify the legal and factual basis for its claim – whether codal or jurisprudential or both – and shall identify the evidence and/or documentation that Lequip argues supports its claim.

---

[2] This Court is aware of the recitation on page 4 of Lequip's motion wherein Lequip stringcites to several codal articles setting forth governing Louisiana on contracts and sales and the remedies for breaches of same, however, the foregoing in no way suffices to present to this Court the appropriate governing body of law for the question presented in the instant motion.

IT IS FURTHER ORDERED that, within seven (7) days following receipt of Lequip's filing, Drillers Mud shall respond to the allegations of Lequip, indicating whether they agree with the allegations and/or legal basis and evidence of Lequip and identifying what legal basis they employ - whether codal or jurisprudential - and what factual *evidence* they rely upon for their position. Thereafter, the parties are to review their pleadings in light of the information shared to determine the status of the pleadings in this matter.

Upon receipt of the foregoing, this Court will review the submissions of the parties and contact counsel to schedule a telephone status conference to evaluate the status of this matter and determine if and when it can be reset for pre-trial and trial. The pre-trial and trial dates are hereby UPSET and all deadlines upset - a new scheduling order shall issue after the noted telephone status conference.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___30___ day of July, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE