UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LEQUIP IMPORTACAO E EXPORTACAO DE MAQUINAS E EQUIPAMENTOS LIMITADA | CIVIL ACTION NO. 6:13-cv-00369 |
| VERSUS | JUDGE DOHERTY |
| DRILLERS MUD SYSTEMS, L.L.C. | MAGISTRATE JUDGE HANNA |

### RULING ON MOTION

The plaintiff in this action filed a motion to compel and an incorporated motion for an award of reasonable expenses and attorneys' fees incurred in connection with the motion to compel. (Rec. Doc. 18). The undersigned granted the motion to compel and took under advisement the motion for fees and costs, ordering the plaintiff to file in the record an affidavit establishing the amount it seeks to recover. (Rec. Doc. 28). The plaintiff submitted the required affidavit. (Rec. Doc. 29). No opposition was filed by the defendant.

Having granted the motion to compel, the undersigned finds that the imposition of sanctions is both appropriate and mandatory. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that when a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

> both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The imposition of sanctions is not warranted under certain circumstances: if the motion was filed without the movant's first making a good faith effort to obtain the discovery responses without court action; if the opposing party's failure to respond was substantially justified; or if other circumstances make an award of expenses unjust. The undersigned finds, however, that none of those circumstances are presented in this case. Accordingly, the undersigned is required to impose sanctions.

Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate.[1] The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended.[2] The calculation of what is a reasonable number of hours expended and a reasonable hourly rate requires an analysis of certain factors recognized by the Fifth Circuit in *Johnson v. Georgia*

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[2] *League of United Latin American Citizens # 4552 (LULAC) v. Rosco Independent Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).

*Highway Express.*[3] A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community."[4]

In its affidavit, the plaintiff requested sanctions based on its counsel having expended a total of 15.6 hours at rates ranging from $285.00 per hour to $320.00 per hour as well as for 1.2 hours of paralegal time at the rate of $150.00 per hour, thus seeking an award in the total amount of $4,924.50. The plaintiff also sought the recovery of additional fees related to certain anticipated but not yet filed motions.

After reviewing the arguments presented, the applicable law, and the supporting documentation, the undersigned concludes that the number of hours, the attorney billing rates, and the total amount claimed by the plaintiff are not reasonable. The undersigned finds that one-half the attorney time set forth in the affidavit, or 7.8 hours, is a reasonable amount of time for an attorney to spend working on the subject motion to compel. Additionally, the undersigned finds that a billing rate of $200 per hour for such work is reasonable in light of the nature of the matter, the complexity of the issues, and the other *Johnson* factors.[5] Therefore, the defendant will be ordered

---

[3]     488 F.2d 714, 717-719 (5th Cir. 1974).

[4]     *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[5]     See, e.g., *Wilks v. Astrue*, 2009 WL 1788596 (W.D. La. 2009); *Greig v. Thibodeaux*, 2006 WL 2349588 (W.D. La. 2006)(unreported); *Walker v. Petry*, 2006 WL 1084003 (W.D. La. 2006)(unreported).

to pay, not later than fourteen days after the date of this ruling, to the plaintiff, through its counsel of record, $200 per hour for 7.8 hours or the total sum of $1,560.00.

Therefore, for the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for the recovery of attorneys' fees, which was incorporated in its motion to compel (Rec. Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that, not later than fourteen days after the date of this ruling, the defendant shall pay to the plaintiff, through the plaintiff's counsel, the sum of $1,560.00 in sanctions.

Signed at Lafayette, Louisiana, this 13th day of August, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE